[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: August 8, 1997
Date of Application: August 8, 1997 CT Page 5726
Date Application Filed: August 11, 1997
Date of Decision: March 27, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR 96-497 356
Keith E. Dubay, Jr., Esq., Defense Counsel, for Petitioner
Victor Carlucci, Jr., Esq., Assistant State's Attorney, for the State.
 BY THE DIVISION
The petitioner, after pleading guilty to Criminal Attempt to Commit Assault, 1st Degree (§ 53a-49 and 53a-59 (a)(1), was sentenced to 20 years, execution suspended after 8 1/2 years (5 years being a mandatory minimum), with probation for 5 years. Her agreement with the State was for a cap of 20 years, ESA 10 years with the right to argue down to the 5 year mandatory minimum.
The petitioner, who at the time was a 14 year old high school student, became angry at a teacher's aid during a period of in-school suspension, an argument ensued and Mills was escorted to the principal's office by a secretary and told her suspension would have to be out of school. She refused to leave the school however and headed back to the suspension room. Two students tried to stop her but she swung a knife at one of them, confronted the victim, pulled her hair back and cut her neck with the knife. She was then disarmed by school security and stated she was trying to kill the victim.
While the victim's injury was not life threatening she was emotionally traumatized and fearful of her safety. Although there was a period of approximately nine months between the crime and the sentencing the victim had not returned to work because of her fear.
At the time the petitioner was on a parole from Long Lane.
Mills was herself victimized as a child. Her mother had addictions to CT Page 5727 drug and alcohol and suffered from severe rheumatoid arthritis. She was not able to parent Mills who was placed in DCF custody and was in some fifteen foster settings. Mills herself was out of control, living on the streets, using drugs, being sexually promiscuous, defiant of authority, and engaging in assaultive behavior toward others.
In short her childhood was chaotic and she was an extremely troubled adolescent who had become a threat to the safety of others and probably to herself as well.
The sentencing court was well aware of the awful turmoil in Mills' life and cogently expressed that "nobody deserves to have endured what you have had to endure in your 15 years. . . ." On the other hand, the Court was faced with a vicious and violent crime. Mills had wanted to kill the victim and reportedly laughed about it afterward. And the Court gave her a sentence between the mandatory minimum and the agreed cap.
The Review Division can only modify a sentence if is inappropriate or disproportionate pursuant to the standards enunciated in Practice Book § 43-28.
In reviewing this sentence, the Division concludes it is well within the reasonable parameters of the sentencing court's discretion and it is neither inappropriate nor disproportionate. The sentence is affirmed.
Klaczak, O'Keefe and Ianotti, J.s, participated in this decision.